## David T. Littler
## v.
## John McCord.

*Taxation—Seizure of Personal Property to Pay Taxes Due on Real Estate—Trespass.*

A collector has no power under the statutes to seize personal property and advertise it for sale to pay taxes due on real estate, but when payment of such taxes is refused, the land must be returned as delinquent to the county collector.

[Opinion filed September 20, 1890.]

Appeal from the Circuit Court of Sangamon County; the Hon. J. A. Creighton, Judge, presiding.

Messrs. Greene & Humphrey, for appellant.

No appearance for appellee.

Conger, P. J.   Appellant Littler owned land in Williams township, Sangamon county, on which was due the sum of $216.45 for taxes.  His personal property tax was paid. Appellee McCord, who was the collector, seized for such land tax, certain corn of appellant and advertised it for sale. Appellant thereupon brought an action of trespass, and appellee pleaded his warrant as tax collector in justification of the seizure.  To this plea a demurrer was interposed, which was overruled and judgment rendered against appellant for costs.

The only question for consideration therefore is, whether personal property can be seized and sold to pay real estate taxes.   This question has been recently decided by the Supreme Court in case of Conkling v. The City of Springfield, in an opinion filed at Springfield, March 31, 1890, in which it is held that the collector has no authority under the statutes to levy on personal property for taxes on real estate.   If

payment is refused it is his duty to return the land as delinquent to the county collector, who can collect the same by obtaining judgment and selling the land.

It was error to sustain the demurrer, and the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*